SYLLABUS

*This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.*

### State v. Luis Melendez (A-22/23-18) (081246)

**Argued September 9, 2019 -- Decided January 8, 2020**

**RABNER, C.J., writing for the Court.**

In this appeal, the Court considers whether a defendant's answer to a civil forfeiture complaint can be introduced against him in a related criminal trial.

In the course of an investigation into drug sales by defendant Luis Melendez, police executed a search warrant in November 2010 at an apartment where an informant had purchased drugs from defendant. The search focused on a bedroom where drugs, weapons, and items bearing defendant's name were found, along with $2900 in cash. An officer arrested defendant and seized $28 in his possession. Defendant was charged with various narcotics and weapons offenses, and a public defender represented him at a bail hearing.

A month later, the same office prosecuting the criminal case against defendant filed a civil forfeiture complaint. The complaint named defendant and sought to forfeit the $2928 in cash; it alleged the funds were proceeds of illegal activities for which defendant had been charged criminally. Defendant was served with a copy of the complaint; the State did not serve a copy on the attorney who represented defendant in the parallel criminal proceeding. A summons attached to the complaint notified defendant that the State "has filed a lawsuit against you," and that "[i]f you dispute this complaint, you or your attorney must file a written answer or motion and proof of service . . . in the county listed above within **thirty-five (35)** days from the date you received this summons."

Twelve days after defendant received the civil forfeiture complaint, a grand jury returned an indictment that charged him with thirteen drug and weapons offenses.

In April 2011, defendant represented himself and filed an answer to the forfeiture complaint. He objected to the forfeiture of the $2928 and asserted that he had proof that the "funds were not part of or derived from any criminal activity," but rather "were the balance of [defendant's] inmate account while serving federal incarceration time. Therefore, they are not subject to forfeiture." Defendant attached a copy of a U.S. Treasury check to the answer. Ultimately, the court dismissed the civil forfeiture case for lack of prosecution.

The State moved to admit defendant's answer to the forfeiture complaint at his criminal trial to "show a nexus between" defendant and the contraband found in the apartment. Over defendant's objection, the trial court granted the motion.

1

At trial, the court took judicial notice of the civil forfeiture action against defendant and the $2928 seized, and of defendant's answer. The prosecutor read aloud to the jury defendant's answer to the civil forfeiture complaint. Defendant was convicted of the ten counts submitted to the jury; three counts had been dismissed.

The Appellate Division affirmed defendant's convictions on all counts except one charge that has since been dismissed. 454 N.J. Super. 445, 454, 459 (App. Div. 2018). The court found no Fifth or Sixth Amendment violation but "conclude[d] that the entire chain of events in connection with the forfeiture case violated principles of fundamental fairness." Id. at 471. As a result, the court found that defendant's answer in the forfeiture case should not have been introduced in his criminal trial. Ibid. Because of other evidence, the court nevertheless concluded the error was harmless. Id. at 475.

The Court granted defendant's petition for certification limited to whether it was error to admit defendant's answer from the civil forfeiture action. ___ N.J. ___ (2018). The Court also granted the State's cross-petition, which raised related questions. 236 N.J. 48 (2018).

**HELD:** Under the reasoning of Garrity v. New Jersey, 385 U.S. 493 (1967), a defendant's statements in an answer to a civil forfeiture action cannot be introduced in a parallel criminal proceeding in the State's case in chief. Like the Appellate Division, the Court finds the error was harmless in light of other strong evidence connecting defendant to the apartment. The Court also agrees that criminal defendants who have been served with civil forfeiture complaints are entitled to enhanced notice of certain issues. The Court outlines several points about notice and refers the matter to the Civil and Criminal Practice Committees for further review.

1. Civil forfeiture proceedings implicate a person's due process rights and invoke certain protections that apply to criminal matters. The Court reviews the language and structure of the civil forfeiture statute and finds that they convey a straightforward meaning: anyone who seeks to claim property that is subject to forfeiture must file and serve a claim to the property "in the form of an answer," and the answer must state the claimant's "interest in the property." N.J.S.A. 2C:64-3(d). If an answer is not timely filed, the property is forfeited. Id. at -3(e). If an answer is filed, the case proceeds in court. Id. at -3(f). In short, the statute requires a claimant to file an answer to defend against a forfeiture action. The last sentence in subsection (f) allows claimants to apply for a stay but does not provide for the filing of a stay motion alone; an answer must be filed first to assert a claim. (pp. 12-15)

2. The framework of the civil forfeiture statute raises concerns under the United States Supreme Court's ruling in Garrity, which reversed the convictions of officers who were given a choice "either to forfeit their jobs or to incriminate themselves" in the course of an investigation into their alleged misconduct. 385 U.S. at 497. The Court likened the practice to the interrogations it reviewed in Miranda and found the officers' statements "were infected by . . . coercion." Ibid. As a result, the Court held the statements were not voluntary and could not be admitted at a later criminal proceeding. Id. at 498, 500. (pp. 15-16)

2

3.  Like the defendants in <u>Garrity</u>, claimants in a civil forfeiture action who are defendants in a parallel criminal case also face an untenable choice:  to forfeit their property or incriminate themselves.  To defend against a forfeiture complaint, claimants who are also criminal defendants <u>must</u> file an answer that states their interest in the property.  In other words, to assert their constitutional right not to be deprived of property without due process, they have to link themselves to alleged contraband and give up their constitutional right against self-incrimination.  Or they can refuse to answer and lose their property.  Under the reasoning in <u>Garrity</u>, a defendant's choice to file an answer under those circumstances is not freely made.  It is fraught with coercion.  A criminal defendant's statements in an answer to a civil forfeiture complaint thus cannot be considered voluntary.  As a result, they cannot be introduced in the State's direct case in a later criminal proceeding.  (pp. 17-18)

4.  The Court does not decide in this appeal whether a defendant can be impeached if he testifies at a later criminal trial and contradicts statements he made in a forfeiture action, and it does not consider whether <u>Simmons v. United States</u>, 390 U.S. 377 (1968), would apply to the circumstances presented here.  Nor does the Court reach defendant's other arguments under the Fifth or Sixth Amendments or the doctrine of fundamental fairness.  Defendant's civil forfeiture answer was obtained in violation of a constitutional right and could therefore not be admitted under N.J.R.E. 803(b)(1) as a statement by a party-opponent.  (pp. 18-20)

5.  The Court agrees with the Appellate Division that criminal defendants served with a civil forfeiture complaint should receive enhanced notice about certain issues.  Defendants should be advised of the following:  (1) they may wish to consult with a lawyer about how best to proceed; (2) the State may not use any statements made in an answer to a forfeiture complaint in its case in chief in a related criminal case; and (3) defendants may file a motion to stay the civil forfeiture action under N.J.S.A. 2C:64-3(f).  Whenever practicable, the State should also serve a courtesy copy of the forfeiture complaint on defense counsel when a companion criminal case is pending, so that counsel can offer basic legal advice or make a referral.  To comply with the Appellate Division's ruling, the State began providing other defendants in civil forfeiture actions with enhanced written notice.  The notice tracks the Appellate Division's guidance and reasoning, but the Court has now modified that reasoning and reaches its conclusion based on <u>Garrity</u> rather than fundamental fairness.  The Court refers the matter to the Clerk of the Superior Court to consider any changes to the standard form summons now in use.  The Court also refers these issues to the Civil and Criminal Practice Committees for their consideration.  (pp. 20-21)

6. For the reasons stated above, it was error for the State to introduce defendant's answer to the forfeiture complaint at his criminal trial.  In light of other evidence that connected defendant to the back bedroom of the apartment, where the evidence was seized, that error was harmless.  (pp. 21-22)

**The judgment of the Appellate Division is AFFIRMED and MODIFIED.**

**JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON and TIMPONE join in CHIEF JUSTICE RABNER's opinion.**

SUPREME COURT OF NEW JERSEY

A-22/23 September Term 2018

081246

---

State of New Jersey,

Plaintiff-Respondent/Cross-Appellant,

v.

Luis Melendez, a/k/a Arturo
Melendez and Pito Melendez,

Defendant-Appellant/Cross-Respondent.

---

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
454 N.J. Super. 445 (App. Div. 2018).

---

| Argued | Decided |
|---|---|
| September 9, 2019 | January 8, 2020 |

---

Laura B. Lasota, Assistant Deputy Public Defender,
argued the cause for appellant/cross-respondent (Joseph
E. Krakora, Public Defender, attorney; Laura B. Lasota,
of counsel and on the briefs).

Stephanie Davis Elson, Assistant Prosecutor, argued the
cause for respondent/cross-appellant (Esther Suarez,
Hudson County Prosecutor, attorney; Kerry J. Salkin and
Nicole D. DePalma, Assistant Prosecutors, on the briefs).

Alexander Shalom argued the cause for amicus curiae
American Civil Liberties Union of New Jersey (American
Civil Liberties Union of New Jersey Foundation,
attorneys; Alexander Shalom, Liza Weisberg, and Jeanne
LoCicero, on the brief).

Valeria Dominguez, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Valeria Dominguez, of counsel and on the brief).

CHIEF JUSTICE RABNER delivered the opinion of the Court.

In this appeal, we consider whether a defendant's answer to a civil forfeiture complaint can be introduced against him in a related criminal trial.

After defendant's arrest on drug and weapons charges, the State filed a civil forfeiture action against $2928 in cash. The police found most of the money during a search of an apartment. In the criminal case, the State alleged that the cash -- as well as drugs, drug paraphernalia, and a handgun also found in the apartment -- belonged to defendant.

Defendant faced a dilemma about whether to answer the civil complaint. Under the forfeiture statute, a claimant must file an answer and assert an "interest in the property." N.J.S.A. 2C:64-3(d). That step, however, can incriminate a defendant in a related criminal case. On the other hand, if a defendant fails to respond to a forfeiture complaint, he risks losing his property.

Here, without the benefit of an attorney, defendant filed an answer. He asserted that the cash belonged to him and came from a lawful source. The

2

State, in turn, introduced that answer in defendant's criminal trial to try to link him to the incriminating items found in the apartment.

The Appellate Division concluded the answer should not have been admitted under the doctrine of fundamental fairness. State v. Melendez, 454 N.J. Super. 445, 475 (App. Div. 2018). We agree with that outcome for different reasons.

Defendant faced an untenable situation -- forced to choose between his Fifth Amendment right against self-incrimination and his right not to be deprived of property in the forfeiture matter without due process. Under the reasoning of Garrity v. New Jersey, 385 U.S. 493 (1967), defendants cannot be compelled to give up their Fifth Amendment protections in that way. We therefore hold that a defendant's statements in an answer to a civil forfeiture action cannot be introduced in a parallel criminal proceeding in the State's case in chief.

Like the Appellate Division, we find the error was harmless in light of other strong evidence connecting defendant to the apartment. Accordingly, we affirm and modify the judgment of the Appellate Division.

We also agree with the Appellate Division that criminal defendants who have been served with civil forfeiture complaints are entitled to enhanced

3

notice of certain issues.  We outline several points about notice and refer the matter to the Civil and Criminal Practice Committees for further review.

I.

Starting in October 2010, the Hoboken Police Department and the Hudson County Prosecutor's Office Municipal Task Force conducted a month-long investigation into drug sales by defendant Luis Melendez.  The police used a confidential informant to buy drugs from defendant on four occasions at a sixth-floor apartment in a building in Hoboken.  Armed with that information, the police obtained a search warrant for the apartment, and they executed the warrant on November 8, 2010.

Defendant's parents and a young girl were in the apartment when the police entered.  The search focused primarily on the back bedroom.  From a dresser in the room and inside the bedroom closet, officers seized 347 glassine bags of heroin packaged in bundles, drug paraphernalia, a handgun, six hollow-point bullets, a radio scanner, two-way radios, and $2900 in cash in a bank envelope.  The police also found pill bottles prescribed to defendant at addresses in Newark and Brooklyn as well as a set of handcuffs with a woman's name etched into them.  A law enforcement officer who previously had a long-term relationship with defendant testified at trial that the handcuffs belonged to her.  In addition, a detective testified that he saw personal papers

4

in the back bedroom with defendant's name on some of them. The documents were not seized.

During the search, another officer saw defendant leave an interior stairwell onto the sixth-floor landing. The officer arrested him and seized $28 in his possession.

Defendant was charged with various narcotics and weapons offenses. The next day, a public defender represented him at a bail hearing.

A month later, on December 20, 2010, the Hudson County Prosecutor's Office -- the same office prosecuting the criminal case against defendant -- filed a civil forfeiture complaint. The complaint named defendant and sought to forfeit the $2928 in cash. The Prosecutor's Office alleged the funds were proceeds of illegal activities for which defendant had been charged criminally.

Defendant was served with a copy of the civil forfeiture complaint in the Hudson County jail on February 3, 2011; the State did not serve a copy on the public defender who represented defendant in the parallel criminal proceeding.

A summons attached to the complaint notified defendant that the State "has filed a lawsuit against you," and that

> [i]f you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the CLERK OF THE SUPERIOR COURT in the county listed above within **thirty-five (35)** days from the date you received this summons, counting the

> date you received it. . . . A telephone call will not protect your rights; you must file and serve a written answer or motion . . . if you want the court to hear your defense.
>
> If you do not file and serve a written answer or motion within **thirty-five (35)** days, the court may enter judgment against you for the relief plaintiff demands, plus interest and costs of suit.

The summons also advised defendant he could contact Legal Services if he could not afford a lawyer.

Twelve days after defendant received the civil forfeiture complaint, a grand jury in Hudson County returned an indictment that charged him with thirteen drug and weapons offenses.

The following month, on March 22, 2011, defendant sent a handwritten letter to the court and asked for an extension of time to file an answer in the forfeiture case. He also asked the court to appoint counsel to represent him.

On April 25, 2011, defendant represented himself and filed an answer to the forfeiture complaint. In the answer, defendant objected to the forfeiture of the $2928 and asserted that he

> has proof that these funds were provided to him by the United States Government in the form of a check drawn on the account of the Bureau of Prisons inmate account. . . .
>
> The seized funds were not part of or derived from any criminal activity. They were the balance of

6

> [defendant's] inmate account while serving federal incarceration time. Therefore, they are not subject to forfeiture.

Defendant attached a copy of a U.S. Treasury check to the answer.

Four months later, in August 2012, the State sought to adjourn the forfeiture matter until the end of the criminal case. Ultimately, the court dismissed the civil forfeiture case on December 10, 2012 for lack of prosecution.

The State moved to admit defendant's answer to the forfeiture complaint at his criminal trial to "show a nexus between" defendant and the contraband found in the apartment. Over defendant's objection, the trial court granted the motion.

The trial court found that (1) defendant waived his right against self-incrimination by answering the complaint; (2) defendant was not entitled to receive the warnings outlined in Miranda v. Arizona, 384 U.S. 436 (1966), because there was no custodial interrogation; (3) the State was not required to give defendant notice of his right to seek a stay of the forfeiture action, under N.J.S.A. 2C:64-3(f); (4) there was no Sixth Amendment violation; and (5) the admission of defendant's answer did not offend fundamental fairness because the State did not file the forfeiture complaint to advance the criminal matter and did not act in bad faith. The trial court later denied defendant's motion for

reconsideration and noted that defendant could have asked for the civil action to be stayed rather than answer the forfeiture complaint.

At trial, the court took judicial notice that the Prosecutor's Office had filed a civil forfeiture action against defendant and the $2928 seized, and that defendant filed an answer and attached a copy of a check. The court also explained to the jury that

> [c]ivil means, civil court not criminal court. Like car accident cases. You know, [the] civil forfeiture action against Luis Melendez and the $2928 seized.
>
> . . . The civil answer and the attached check have been certified as true copies by court staff. So when I say I take judicial notice, that means I take as true . . . that those document[s] were filed.

The prosecutor then read aloud to the jury defendant's answer to the civil forfeiture complaint, and described the information on the attached government check, with minor redactions the parties had agreed to.

Defendant was convicted of the ten counts submitted to the jury; three counts had been dismissed. The trial court sentenced defendant to an aggregate term of thirty years in prison with fifteen years to be served without parole.

The Appellate Division affirmed defendant's convictions on all counts except second-degree unlawful possession of a weapon; that charge has since

8

been dismissed.  Melendez, 454 N.J. Super. at 454, 459.  The court found no Fifth Amendment violation related to the admission of defendant's civil answer in the criminal case because the court concluded defendant had the option to move for a stay under the forfeiture statute.  Id. at 464-65, 470, 473.  But for that option, the Appellate Division observed, "this scenario could raise a Garrity Fifth Amendment issue."  Id. at 473.  The court also found no Sixth Amendment violation.  Id. at 471.

The Appellate Division, however, "conclude[d] that the entire chain of events in connection with the forfeiture case violated principles of fundamental fairness."  Ibid.; see also id. at 472 (discussing Doe v. Poritz, 142 N.J. 1, 108 (1995), and State v. P.Z., 152 N.J. 86, 117-18 (1997)).  As a result, the court found that defendant's answer in the forfeiture case should not have been introduced in his criminal trial.  Id. at 471.  Because of other evidence that connected defendant to the back bedroom, the court nevertheless concluded the error was harmless.  Id. at 475.

The Appellate Division also offered guidance "to prevent this fundamentally unfair situation from recurring" and referred the matter to the Civil and Criminal Practice Committees for consideration.  Id. at 476-77.

We granted defendant's petition for certification limited to whether it was error to admit defendant's answer from the civil forfeiture action.  ___

9

N.J. ___ (2018). We also granted the State's cross-petition, which raised related questions. 236 N.J. 48 (2018). In addition, we granted the Attorney General leave to appear as amicus curiae.

## II.

Defendant argues that the procedure followed in this case forced him to sacrifice his right against self-incrimination in order to invoke his right to due process. He contends that the forfeiture statute required him to file an answer and, therefore, the resulting conflict violated his right to remain silent. He submits that he did not voluntarily waive his Fifth Amendment rights. Defendant also claims that the process the State used violated his right to counsel. He argues he is entitled to a new trial because the error was not harmless.

Defendant further submits that the Court should require the State to serve a copy of a civil forfeiture complaint on defense counsel in a parallel criminal case.

The State acknowledged in its written submissions to this Court that all claimants must file an answer under the forfeiture statute. Nonetheless, the State maintains it was not improper to admit defendant's answer to the forfeiture complaint at his criminal trial. The State argues that defendant was not entitled to Miranda warnings and that his right to counsel under the Sixth

10

Amendment was not implicated here. The State also contends that the doctrine of fundamental fairness was not violated here.

In addition, the State argues that defendant's answer in the forfeiture case was admissible under N.J.R.E. 803(b)(1) as a statement by a party-opponent. Finally, the State submits it would be unduly burdensome to require it to provide courtesy copies of civil complaints to criminal defense attorneys, who may not be willing or able to assist in a civil forfeiture case.

The Attorney General echoes many of the State's arguments: answering a forfeiture complaint does not implicate Miranda; defendant's Sixth Amendment rights were not violated; and the Appellate Division erred when it found the process here fundamentally unfair. Underlying those arguments, the Attorney General stresses that a criminal defendant may request a stay in a forfeiture proceeding in lieu of filing an answer. The State adopted that view at oral argument. In any event, the Attorney General agrees with the Appellate Division that any error in this case was harmless because of overwhelming evidence that linked defendant to the back bedroom.

The arguments of the American Civil Liberties Union of New Jersey (ACLU) largely align with defendant's position. The ACLU contends that the State violated the Fifth Amendment when it threatened to forfeit defendant's property if he did not incriminate himself; the State failed to administer

11

Miranda rights; and the State violated defendant's Sixth Amendment rights by contacting him directly despite knowing that he was represented by counsel. The ACLU also recommends that civil forfeiture actions be presumptively stayed while parallel criminal cases are pending.

## III.

Civil forfeiture proceedings are quasi-criminal in nature. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 700 (1965). They implicate a person's due process rights under the Fourteenth Amendment. See United States v. James Daniel Good Real Prop., 510 U.S. 43, 48, 53 (1993); United States v. $8850 in U.S. Currency, 461 U.S. 555, 562 n.12 (1983). They also invoke certain protections that apply to criminal matters. See, e.g., United States v. U.S. Coin & Currency, 401 U.S. 715, 718 (1971) (applying the Fifth Amendment guarantee against self-incrimination to civil forfeiture proceedings); see also State v. Seven Thousand Dollars, 136 N.J. 223, 239 (1994). As a general rule, forfeiture statutes are disfavored and are strictly construed against the State. Seven Thousand Dollars, 136 N.J. at 238.

## A.

Our analysis flows from the language of New Jersey's civil forfeiture statute, N.J.S.A. 2C:64-1 to -9. Under the Code, certain types of property are subject to forfeiture. The State may file a civil forfeiture action against "prima

12

facie contraband" -- for example, controlled dangerous substances, firearms that are possessed or used unlawfully, and other items. N.J.S.A. 2C:64-1(a)(1). The State may also seek to forfeit derivative contraband, namely, property that has been used or is intended to be used in furtherance of unlawful activity -- like a car or a building, id. at -(1)(a)(2); property that is an integral part of illegal activity -- such as the money used to finance an illegal gambling enterprise, id. at -(1)(a)(3); and proceeds of illegal activities, id. at -(1)(a)(4).

For derivative contraband, the State must file an action within ninety days of a seizure. N.J.S.A. 2C:64-3(a). In an in rem proceeding of this type, the lawsuit is against the property. Seven Thousand Dollars, 136 N.J. at 232-33. Notice of the action must be given "to any person known to have a property interest in the article." N.J.S.A. 2C:64-3(c).

Section 3(d) of the forfeiture statute is central to this appeal. It provides that

> [t]he claimant of the property that is the subject of an action under this chapter shall file and serve his claim in the form of an answer in accordance with the Rules of Court. The answer shall be verified on oath or affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action.
>
> [N.J.S.A. 2C:64-3(d) (emphasis added).]

13

If a timely answer is not filed, the property is disposed of pursuant to N.J.S.A. 2C:64-6. N.J.S.A. 2C:64-3(e). The prosecutor or the Attorney General then divides the forfeited property with any other law enforcement entity that participated in the investigation or prosecution resulting in the forfeiture, and the property and proceeds must be used for law enforcement purposes. N.J.S.A. 2C:64-6(a).

Section 3(f) provides that "[i]f an answer is filed, the Superior . . . [C]ourt shall set the matter down for a summary hearing as soon as practicable." N.J.S.A. 2C:64-3(f). The next sentence of section 3(f) notes that "[u]pon application of the State or claimant, if he be a defendant in a criminal proceeding arising out of the seizure, the Superior . . . [C]ourt may stay proceedings in the forfeiture action until the criminal proceedings have been concluded by an entry of final judgment." Ibid. (emphases added).

At the hearing, the State must prove by a preponderance of the evidence that the derivative contraband seized "was connected to unlawful activity." Seven Thousand Dollars, 136 N.J. at 233.

### B.

To understand the meaning of a statute, we look to the plain language the Legislature used and give words their ordinary meaning. State v. Fede,

14

237 N.J. 138, 147-48 (2019); DiProspero v. Penn, 183 N.J. 477, 492 (2005); N.J.S.A. 1:1-1.

Here, the language and structure of the civil forfeiture statute convey a straightforward meaning:  anyone who seeks to claim property that is subject to forfeiture must file and serve a claim to the property "in the form of an answer," and the answer must state the claimant's "interest in the property." N.J.S.A. 2C:64-3(d).  If an answer is not timely filed, the property is forfeited. Id. at -3(e).  If an answer is filed, the case proceeds in court.  Id. at -3(f).  In short, the statute requires a claimant to file an answer to defend against a forfeiture action.

The last sentence in subsection (f) -- allowing the State, or a claimant who is a defendant in a criminal case connected to the seizure, to apply for a stay of a forfeiture action -- does not alter the statute's basic premise or structure.  Claimants "shall file . . . an answer"; they may also apply for a stay. The statute, however, does not provide for the filing of a stay motion alone; an answer must be filed first to assert a claim.

IV.

The framework of the civil forfeiture statute raises concerns under the United States Supreme Court's ruling in Garrity v. New Jersey.  In Garrity, the

15

State Attorney General investigated allegations that certain police officers were fixing traffic tickets.  385 U.S. at 494.  Before questioning, each officer

> was warned (1) that anything he said might be used against him in any state criminal proceeding; (2) that he had the privilege to refuse to answer if the disclosure would tend to incriminate him; but (3) that if he refused to answer he would be subject to removal from office.
>
> [Ibid.]

The officers answered the Attorney General's questions, and some of their responses were used against them in later criminal prosecutions.  Id. at 495.  They appealed their convictions and argued their statements had been coerced.  Ibid.

The United States Supreme Court reversed the convictions.  The Court explained that the officers were given a choice "either to forfeit their jobs or to incriminate themselves."  Id. at 497.  That option -- "to lose their means of livelihood or to pay the penalty of self-incrimination" -- was "the antithesis of free choice to speak out or to remain silent."  Ibid.  The Court likened the practice to the interrogations it reviewed in Miranda and found the officers' statements "were infected by . . . coercion."  Ibid.  As a result, the Court held the statements were not voluntary and could not be admitted at a later criminal proceeding.  Id. at 498, 500.

16

The Court also rejected the argument that the officers had waived their rights. "Where the choice is 'between the rock and the whirlpool,' duress is inherent in deciding to 'waive' one or the other." Id. at 498.

The Court emphasized that "[t]here are rights of constitutional stature whose exercise a State may not condition by the exaction of a price." Id. at 500 (listing examples). In light of the guarantees of the Fourteenth Amendment, the Court concluded the State may not use "statements obtained under threat of removal from office" in a criminal proceeding. Ibid.

Citing Garrity and other cases, this Court has observed that

> [c]ustodial interrogations by law enforcement officers are not the only special circumstances in which the Fifth Amendment privilege against self-incrimination is self-executing. Both the United States Supreme Court and our New Jersey courts have consistently held that the state may not force an individual to choose between his or her Fifth Amendment privilege and another important interest because such choices are deemed to be inherently coercive.
>
> [P.Z., 152 N.J. at 106 (citation omitted).]

Like the defendants in Garrity, claimants in a civil forfeiture action who are defendants in a parallel criminal case also face an untenable choice: to forfeit their property or incriminate themselves. To defend against a forfeiture complaint, claimants who are also criminal defendants must file an answer that states their interest in the property. In other words, to assert their

17

constitutional right not to be deprived of property without due process, they have to link themselves to alleged contraband and give up their constitutional right against self-incrimination.  Alternatively, they can refuse to answer and lose their property.

We need go no further than the reasoning in Garrity to find that a defendant's choice to file an answer under those circumstances is not freely made.  It is fraught with coercion.  A criminal defendant's statements in an answer to a civil forfeiture complaint thus cannot be considered voluntary.  As a result, they cannot be introduced in the State's direct case in a later criminal proceeding.  See also United States v. U.S. Currency, 626 F.2d 11, 15-16  (6th Cir. 1980) (noting the tension claimants face between "incriminating themselves" or "failing to vigorously pursue their claims" to property, in the context of a forfeiture action filed under federal law, and remanding to the district court for "a solution which both protects the privilege and permits the forfeiture case to go forward").

We need not decide in this appeal whether a defendant can be impeached if he testifies at a later criminal trial and contradicts statements he made in a forfeiture action.  We note that a statement obtained through physical coercion cannot be used at trial.  Miller v. Fenton, 474 U.S. 104, 109 (1985); Brown v. Mississippi, 297 U.S. 278, 286-87 (1936).  The same principle applies to

18

statements obtained through threats of physical violence.  See Payne v.

Arkansas, 356 U.S. 560, 561, 567 (1958).  A statement made under

circumstances that violated the requirements of Miranda, however, can be used

"for impeachment if the[] 'trustworthiness [of the evidence] satisfies legal

standards.'"  Mincey v. Arizona, 437 U.S. 385, 397-98 (1978) (quoting Harris

v. New York, 401 U.S. 222, 224 (1971)); see also Md. Code. Ann., Crim. Proc.

§ 12-313 ("Except for purposes of impeachment, a statement made by a person

regarding ownership of seized property during the course of a forfeiture

proceeding is not admissible in a related criminal prosecution.").

In light of the above analysis, it is not necessary to consider the scope of

Simmons v. United States, 390 U.S. 377 (1968).  In that case, a defendant

moved to suppress a suitcase found in his mother's home, which contained

evidence linking him to a bank robbery.  Id. at 380-81.  To establish standing,

he testified that the suitcase was similar to one he owned, and that he owned

the clothing found inside it.  Id. at 381.  That testimony was used against him

at trial.  Ibid.

The United States Supreme Court found it "intolerable" that a defendant

should either have "to give up what he believed . . . to be a valid Fourth

Amendment claim or . . . to waive his Fifth Amendment privilege against self-

incrimination."  Id. at 394.  The Court therefore held "that when a defendant

19

testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." Ibid.

Three years later, in McGautha v. California, 402 U.S. 183, 211-13 (1971), the Court limited Simmons and raised questions about the breadth of its reasoning. Because our ruling relies on Garrity, we need not decide whether Simmons would apply to the circumstances presented in this case. We also need not reach defendant's other arguments under the Fifth or Sixth Amendments or the doctrine of fundamental fairness.

We reject the State's argument that defendant's civil forfeiture answer was admissible under N.J.R.E. 803(b)(1) as a statement by a party-opponent. A statement obtained in violation of a constitutionally protected right is inadmissible in the State's case in chief even if it satisfies a rule of evidence.

## V.

The Appellate Division aptly noted that criminal defendants who are served with a civil forfeiture complaint should receive enhanced notice about certain issues. Melendez, 454 N.J. Super. at 476-77. We agree. Defendants should be advised of the following: (1) they may wish to consult with a lawyer about how best to proceed; (2) the State may not use any statements made in an answer to a forfeiture complaint in its case in chief in a related

20

criminal case; and (3) defendants may file a motion to stay the civil forfeiture action under N.J.S.A. 2C:64-3(f). Whenever practicable, the State should also serve a courtesy copy of the forfeiture complaint on defense counsel when a companion criminal case is pending, so that counsel can offer basic legal advice or make a referral. Id. at 474.

To comply with the Appellate Division's ruling, the State began providing other defendants in civil forfeiture actions with enhanced written notice. The notice tracks the Appellate Division's guidance and reasoning, which has been modified.

We refer the matter to the Clerk of the Superior Court to consider any changes to the standard form summons now in use. We also refer these issues to the Civil and Criminal Practice Committees for their consideration.

VI.

For the reasons stated above, it was error for the State to introduce defendant's answer to the forfeiture complaint at his criminal trial. In light of other evidence that connected defendant to the back bedroom of the apartment, where the evidence was seized, that error was harmless.

An error is harmless unless, in light of the record as a whole, there is a "possibility that it led to an unjust verdict" -- that is, a possibility "sufficient to raise a reasonable doubt" that "the error led the jury to a result it otherwise

21

might not have reached." State v. Macon, 57 N.J. 325, 335-36 (1971); see also R. 2:10-2.

During the search, the police found evidence that directly linked defendant to the back bedroom of the apartment where the $2900 in cash was found: two pill bottles bearing his name were in the dresser; his former girlfriend's monogrammed handcuffs were in the closet; and some of his personal papers were in the bedroom. In addition, the police arrested defendant as he left the stairwell onto the sixth floor -- the same floor as the apartment. And his parents were in the apartment when law enforcement officers arrived.

Under the circumstances, we do not find that the introduction of defendant's answer to the civil forfeiture complaint, in which he admitted that he owned the money in the closet, was "clearly capable of producing an unjust result." R. 2:10-2.

## VII.

For the reasons outlined above, we affirm and modify the judgment of the Appellate Division.


JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON and TIMPONE join in CHIEF JUSTICE RABNER's opinion.

22